**W. KEITH WYATT**, ESQ. (SBN 80859)
wkwyatt@imwlaw.com
**RICKEY IVIE, ESQ. (SBN 76864)**
rivie@imwlaw.com
**TIFFANY ROLLINS, ESQ. (SBN 291793)**
trollins@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
**444 S. Flower Street, Suite 1800**
**Los Angeles, California 90071**
**Tel.   (213) 489-0028**
**Fax    (213) 489-0552**

*Public Entity*
*Exempt from Filing Fee*

Attorneys for **Defendant COUNTY OF LOS ANGELES**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA TOMPKINS BARNETT, individually, and as Successor in Interest of the Estate of JEFFREY BARNETT, deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; ALEX VILLANUEVA; JONATHAN SHERIN, M.D., Ph.D; and DOES 1 through 10, inclusive<br><br>          Defendants. | Case No. 2:20-CV-02530-PA-AS<br><br>**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:      June 15, 2020**<br>**TIME:      1:30 p.m.**<br>**PLACE:   Courtroom 9A**<br>**Honorable Percy Anderson**<br><br>[Complaint Filed: 3/17/2020] |

TO:   PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD HEREIN:

1

**PLEASE TAKE NOTICE** that on June 15, 2020, at 1:30 p.m., in Courtroom 9A at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendant County of Los Angeles, will and hereby does move the Court to dismiss certain claims made in the complaint filed by Plaintiff Dana Tompkins Barnett ("Plaintiff"). Pursuant to Federal Rule of Civil Procedure §12(b)(6), Defendant brings this motion on the grounds that the complaint fails to allege either a cognizable legal theory or sufficient facts to constitute a cognizable legal theory as to all causes of action.

Pursuant to Local Rule 7-3, counsel for Defendant attempted to meet and confer with counsel for Plaintiff by written correspondence electronically served on May 5, 2020. Plaintiff's counsel did not respond to the attempt to meet and confer.

This Motion will be based on the attached Memorandum of Points and Authorities, the Declaration of Tiffany Rollins, the pleadings and records on file with the court, and such further oral and documentary evidence as the Court may consider at or prior to the hearing in this matter.

DATED:     May 13, 2020          **IVIE McNEILL WYATT PURCELL & DIGGS**

By: ___*/s/ Tiffany Rollins*_____
**W. KEITH WYATT
RICKEY IVIE
TIFFANY ROLLINS
Attorneys for Defendant
COUNTY OF LOS ANGELES**

2

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . .   8

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

  1.   Summary of Allegations in Complaint . . . . . . . . . . . . . . .   8
  2.   Defendants Effort to Meet and Confer . . . . . . . . . . . . . . .   9

II.   LEGAL STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . .   9

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

  A.   PLAINTIFF IS BARRED FROM SURVIVAL . . . . . . . .   11
       DAMAGES FOR FAILURE TO COMPLY WITH
       CALIFORNIA LAW

  B.   THE COMPLAINT FAILS TO SUFFICIENTLY . . . . . .   13
       ALLEGE FACTS TO SUPPORT *MONELL*
       LIABILITY PURSUANT TO 42 USC §1983

  1.   Plaintiff Has Failed to State a Claim for Unconstitutional   14
       Policy, Custom, or Practice
  2.   Plaintiff Has Failed to State a Claim for Ratification . . . . .  15
  3.   Plaintiff Has Failed to State a Claim for Failure to Train   16
  4.   Plaintiff Has Failed to Sufficiently Demonstrate
       Causation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

  C.   PLAINTIFF FAILS TO STATE FACTS SUFFICIENT   18
       TO MAINTAIN A CLAIM FOR VIOLATIONS OF
       THE AMERICAS WITH DISABILITIES ACT,
       REHABILITATION ACT, AND THE UNRUH
       CIVIL RIGHTS ACT

  1.   ADA and RA Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
  2.   The Unruh Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

IV.   CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>*Cases:*</u>

*A.E. ex rel. Hernandez v. County of Tulare* . . . . . . . . . . . . . . . . . . . . . . .   11,14
666 F.3d 631, 637 (9th Cir. 2012)

*Ashcroft v. Iqbal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
556 U.S. 662, 678 (2009)

*Atayde v. Napa State Hospital* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
255 F. Supp. 3d 978, 1000 (2017)

*Bell Atl. Corp. v. Twombly* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
550 U.S. 544, 555 (2007)

*Board of County Com'rs of Bryan County, Okl. v. Brown* . . . . . . . . . . .   16
520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1987)

*Cain v. City of Sacramento* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11,12
No. 2:17-CV-00848-JAM-DB, 2017 WL 4410116, at *1
(E.D. Cal. Oct. 4, 2017) (*citing A.E.*, 666 F.3d at 637)

*City of Canton, Ohio v. Harris* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16
489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)

*City of Okla. City v. Tuttle* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15
471 U.S. 808 (1985)

*Connick v. Thompson* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13,16,17
563 U.S. 51, 60, 131 S. Ct. 1350, 1358-59, 179 L. Ed. 2d 417 (2011)

*Curran v. Mount Diablo Council of the Boy Scouts* . . . . . . . . . . . . . . . .   21
147 Cal.App.3d 712, 733 (1983)

*Davis v. Bender Shipbuilding & Repair Co.* . . . . . . . . . . . . . . . . . . . . .   11-12
27 F. 3d 426, 429 (9th Cir. 1994)

4

*Dillard v. Curtis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
2004 U.S. Dist. LEXIS 22926, 2004 WL 2496130, *7 (N.D. CA Nov. 3 2004)

*Dougherty v. City of Covina* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,17,18
654 F.3d 892, 900 (9th Cir. 2011)

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.* . . . . . . . . . . . . . 10
436 F.Supp. 2d 1095, 1098 (2006)

*Garcia v. Adams* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
2006 U.S. Dist. LEXIS 8684, 2006 WL 403838, *11 (E.D. CA Feb. 17, 2006)

*Hana Fin., Inc. v. Hana Bank* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10
500 F.Supp. 2d 1228, 1232 (C.D. Cal. 2007)

*Hayes v. County of San Diego* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
736 F.3d 1223, 1228 (9th Cir. 2013)

*Jack v. Cnty. of Stanislaus* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
No. 17-cv-520-AWI, 2017 WL 4123930, at *7 (E.D. Cal. Sept. 15, 2017)

*Johnson v. Cal. Dep't of Corr. & Rehab.* . . . . . . . . . . . . . . . . . . . . . . 13
2009 U.S. Dist. LEXIS 69257, at * 17 (E.D. CA Aug. 6, 2009)

*Johnson v. Riverside Healthcare Sys.* . . . . . . . . . . . . . . . . . . . . . . . . . 10
534 F.3d 1116, 1121 (9th Cir.2008)

*Lytle v. Carl* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,16
382 F.3d 978, 982 (9th Cir. 2004)

*Marceau v. Blackfeet Hous. Auth.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
540 F.3d 916, 919 (9th Cir.2008)

*Mateos-Sandoval v. County of Sonoma* . . . . . . . . . . . . . . . . . . . . . . . . 11,14
942 F. Supp. 2d 890, 900 (N.D. Cal. 2013)

*Meehan v. Cnty. of L.A.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
856 F.2d 102 (9th Cir. 1988)

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

*Mendy v. City of Fremont* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14,16
No. C-13-4180 MMC, 2014 WL 574599, (N.D. Cal. Feb. 12, 2014)

*Monell v. Department of Social Services* . . . . . . . . . . . . . . . . . . . 9,11,14,15,16,17,18
436 U.S. 658

*Moreland v. Las Vegas Metro. Police Dep't* . . . . . . . . . . . . . . . . . . . .   12,13
159 F.3d 365, 369 (9th Cir. 1998)

*Navarro v. Block* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
250 F.3d 729, 732 (9th Cir.2001)

*O'Connor v. Village Green Owners Ass'n* . . . . . . . . . . . . . . . . . . . . .   21
33 Cal.3d 790, 795 (1983)

*Pierce v. Cnty. of Orange* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19-20
526 F.3d 1190, 1214 (9th Cir. 2008)

*Simmons v. Navajo Cnty.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20
609 F.3d 1011, 1022 (9th Cir. 2010)

*Soliz v. City of Bakersfield* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13
No. 1:12-CV-00841-LJO-JLT, 2012 U.S. Dist. LEXIS 118354,
at *12-13 (E.D. CA Aug. 20, 2012)

*Starr. A.E.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11,14
666 F.3d at 636

*Taormina v. Cal. Dept. of Corr.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21
946 F. Supp. 829, 834 (S.D. Cal. 1996)

*Tatun v. City & County of S.F.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12
441 F.3d 1090, 1093 n.2 (9th Cir. 2006)

*Trevino v. Gates* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15
99 F.3d 911, 918 (9th Cir. 1996)

*United States v. Georgia* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
546 U.S. 151, 157 (2006)

6

*Vignolo v. Miller* ............................................... 10
120 F.3d 1075, 1077 (9th Cir.1999)

*Vinson v. Thomas* ........................................ 19
288 F.3d 1145, 1152 n.7 (9th Cir. 2002)

*Warfield v. Peninsula Golf & Country Club* .................... 20
10 Cal.4th 594, 6189 (1995)

*W. Mining Council v. Watt* ...................................... 10
643 F.2d 618, 624 (9th Cir. 1981)

## ***Statutes***

*California Code of Civil Procedure § 51(b)* ......................... 20
*California Code of Civil Procedure §377.30* ........................... 12
*California Code of Civil Procedure § 377.32* ........................ 12
*California Code of Civil Procedure § 377.32(a)(4)* .................... 12
*California Code of Civil Procedure § 377.32 (a)(6)* ................... 13
*California Code of Civil Procedure § 377.32(a)(b)* .................... 12
*California Code of Civil Procedure § 377.32(c)* ...................... 11
*42 U.S.C § 1983* ............................................. 9,12,13,16
*42 U.S.C. § 12132* .............................................. 19
*29 U.S.C. § 794(a)* ............................................. 19

## ***Other***

*Federal Rules of Civil Procedure, Rule 12(b)(6)* ...................... 9,10

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On March 17, 2020, Plaintiff Dana Tompkins Barnett filed a complaint for damages ("Complaint") as an individual and as successor in interest to the Estate of Jeffrey Barnett ("Decedent")[1] alleging two causes of action against the County of Los Angeles (hereinafter, "Defendant") and four causes of action against individually named County employees for violations of federal and state law based on Decedent committing suicide while he was incarcerated at a Los Angeles County Jail. Defendant files this motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that Plaintiff's Complaint fails to articulate sufficient facts to state a claim against Defendant.

### *1.  Summary of Allegations in Complaint*

Plaintiff's Complaint is factually scarce. However, it alleges that on April 6, 2019, Decedent was booked into the Los Angeles County Jail Inmate Reception Center ("IRC"). [Dkt. 1, Complaint ¶ 14]. Plaintiff alleges, "on information and belief", that arresting and/or custodial officers were aware that Decedent had mental health issues and had attempted suicide less than six months earlier. *Id*. Plaintiff alleges that Decedent was gravely disabled and the arresting officers communicated this information to the Los Angeles County Sheriff's Department ("LASD") verbally and in writing via Decedent's arrest form and/or other documents. *Id*.

Plaintiff alleges that during booking at IRC, LASD was required to administer a "Medical/ Mental Health Intake Screening" survey, which she alleges would have included a suicide risk assessment. [Dkt. 1, Complaint ¶ 15]. Plaintiff alleges that Decedent advised LASD that he was taking psychiatric medication, had mental health problems, had been hospitalized for a recent prior suicide attempt, and had received mental health services. *Id*.

---

[1] Plaintiff asserts that she and Decedent were married under common law in the State of Texas.

Plaintiff alleges that Decedent [did not receive] monitoring or assessment by LASD, did not receive medication to manage his psychiatric disabilities, and received no mental health evaluation or treatment, despite his known history of suicidal tendencies. [Dkt. 1, Complaint ¶ 16]. Plaintiff further alleges that Defendants permitted Decedent to be alone in a cell/room unrestrained and/or unmonitored and failed to take necessary precautions to prevent unsupervised access to the means to commit suicide by hanging. [Dkt. 1, Complaint ¶ 16-18]. On April 6, 2019, Decedent fashioned a ligature and hung himself while in custody, resulting in his death. [Dkt. 1, Complaint ¶ 19].

Defendant contends that Plaintiff's second and sixth causes of action against the County of Los Angeles should be dismissed. The second cause of action is brought under 42 U.S.C § 1983 and seeks to assert liability against the County for allegedly maintaining deliberately indifferent policies or customs. However, Plaintiff has failed to adequately allege facts sufficient to maintain a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658. The sixth cause of action alleges violations of the Americans with Disabilities Act, the Rehabilitation Act, and seeks recovery under the California Unruh Act. Plaintiff has failed to state sufficient facts to support relief under the ADA, RA, or Unruh Act. Accordingly, both claims must fail.

## 2. *Defendants Effort to Meet and Confer*

Pursuant to Local Rule 7-3, counsel for Defendant attempted to meet and confer with counsel for Plaintiff by written correspondence electronically served on May 5, 2020. [Declaration of Tiffany Rollins ¶¶ 3-4]. Plaintiff's counsel did not respond to the attempt to meet and confer.

## II.    LEGAL STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), a 12(b)(6) motion challenges the sufficiency of the pleadings set forth in the complaint. *Hana Fin., Inc. v. Hana Bank*, 500 F.Supp. 2d 1228, 1232 (C.D. Cal. 2007). A complaint

9

shall be dismissed when it fails to state a claim upon which relief can be granted. FRCP 12(b)(6). A dismissal is warranted where there is either the "lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir.2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir.2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir.1999). However, legal conclusions cast in the form of factual allegations are not entitled to the assumption of truth. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, mere "labels and conclusions" and/or "formulaic recitation(s) of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp. 2d 1095, 1098 (2006).

In order to survive a motion to dismiss, a complaint must contain factual allegations that do more than invite mere speculation. *Hana Fin., Inc. v. Hana Bank, F.Supp.* 2d 1228, 1232 (C.D. Cal. 2007). Rather, to avoid a Rule 12(b)(6) dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 555.

While courts have not developed a mechanical analysis to distinguish between well-pleaded factual allegations and "mere conclusory statements," a

10

---

court should note the extent a complaint relies on legal labels instead of subsidiary facts. *Id.* After identifying factual allegations that are entitled to the assumption of truth, a court must then determine if they "nudge[] [the] claims … across the line from conceivable to plausible." *Id.* at 680. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to claims of municipal liability for Constitutional right violations under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Plaintiff must allege "facts regarding the specific nature of th[e] alleged policy, custom or practice."  *A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotation marks omitted). The allegations should specify the factual content of the policies, customs, or practices which give rise to plaintiffs' constitutional injuries. *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 900 (N.D. Cal. 2013). A bare allegation that the deputies' conduct conformed to some unidentified government policy or custom does not satisfy the fact pleading standard under *Starr*. *A.E.*, 666 F.3d at 636. "[M]erely stating the subject to which the policy relates (i.e. excessive force) is insufficient." *Cain v. City of Sacramento*, No. 2:17-CV-00848-JAM-DB, 2017 WL 4410116, at *1 (E.D. Cal. Oct. 4, 2017) (*citing A.E.*, 666 F.3d at 637).

## III.   ARGUMENT

### A. PLAINTIFF IS BARRED FROM SURVIVAL DAMAGES FOR FAILURE TO COMPLY WITH CALIFORNIA LAW

Plaintiff brings the Complaint on behalf of herself individually and as successor in interest to Decedent on behalf of Decedent's estate. Plaintiff alleges that she is seeking survival damages. "In a survival action, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained." *Davis v. Bender Shipbuilding & Repair Co*., 27 F. 3d 426, 429 (9th Cir.

11

1994). Survivors of an individual may bring claims under 42 U.S.C § 1983, "if the relevant state's law authorizes a survival action." *Hayes v. County of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013) (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). To determine whether a plaintiff may bring a survivor action, the Ninth Circuit instructs that a court rely on California Code of Civil Procedure §377.30. *Hayes*, 736 F.3d at 1129. Based on this code section, a Section 1983 survival claim may be prosecuted only where the person purporting to act as the successor in interest satisfies the requirements of California law. *Tatun v. City & County of S.F.*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006).

California law requires a plaintiff who commences a survival action as a decedent's successor in interest to "execute and file an affidavit or declaration under penalty of perjury, stating: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent." *Dillard v. Curtis*, 2004 U.S. Dist. LEXIS 22926, 2004 WL 2496130, *7 (N.D. CA Nov. 3 2004) (discussing *Cal. Code of Civ. Pro.* § 377.32(a), (b)). In addition, a certified copy of the death certificate must be attached, and, "if the decedent's estate was administered, a copy of the final order showing distribution of the decedent's cause of action to the successor in interest" must also be attached. *Cal. Code of Civ. Pro.* § 377.32(a)(4)."

Although *Civil Procedure Code* 377.32 is a rule of California (not federal) procedure, it sets a minimum threshold below which a person claiming to be a successor in interest should not be permitted to slip...." *Dillard v. Curtis*, 2004 U.S. Dist. LEXIS 22926, 2004 WL 2496130 at *7; see also *Garcia v. Adams*, 2006 U.S. Dist. LEXIS 8684, 2006 WL 403838, *11 (E.D. CA Feb. 17, 2006). The party

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

seeking to bring a survival action bears the burden of demonstrating that a state's law authorizes a survival action and that the plaintiff meets the statute's requirements for bringing a survival action. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998); *See also Soliz v. City of Bakersfield*, No. 1:12-CV-00841-LJO-JLT, 2012 U.S. Dist. LEXIS 118354, at *12-13 (E.D. CA Aug. 20, 2012).

Here, Plaintiff purports to bring a survivorship action but fails to comply with *Cal. Code of Civ. Proc.* § 377.32 (a)(6) and § 377.32(c); *See also Johnson v. Cal. Dep't of Corr. & Rehab.,* 2009 U.S. Dist. LEXIS 69257, at * 17 (E.D. CA Aug. 6, 2009). These two flaws are fatal to her survivorship claim and warrant its dismissal.

## B. THE COMPLAINT FAILS TO SUFFICIENTLY ALLEGE FACTS TO SUPPORT *MONELL* LIABILITY PURSUANT TO 42 USC §1983

Plaintiff's second cause of action raises alleged violations of Title 42 U.S.C. § 1983 against the County of Los Angeles. The County may be liable under this section if it subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1358-59, 179 L. Ed. 2d 417 (2011) (internal citations omitted). The County is not vicariously liable under § 1983 for the actions of its employees. *See id.*, at 691.

Section 1983 municipal liability depends on Plaintiff establishing one or more of the following: (1) the municipal employee committed the constitutional violation pursuant to an official policy; (2) the employee acted pursuant to a longstanding practice or custom; or (3) the employee functioned as a final policymaker. *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).

13

To state such a claim, Plaintiff must allege facts showing that the custom, policy, or practice exists and caused the loss. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). As discussed below, Plaintiff's Complaint lacks sufficient allegations to meet her pleading burden.

### 1. Plaintiff Has Failed to State a Claim for Unconstitutional Policy, Custom, or Practice

Plaintiff must allege "facts regarding the specific nature of th[e] alleged policy, custom or practice." *A.E.*, 666 F.3d at 637 (internal quotation marks omitted). The allegations should specify the factual content of the policies, customs, or practices which give rise to plaintiffs' constitutional injuries. *Mateos-Sandoval*, 942 F. Supp. 2d at 900. A bare allegation that the deputies' conduct conformed to some unidentified government policy or custom does not satisfy the fact pleading standard under *Starr*. *A.E.*, 666 F.3d at 636. "[M]erely stating the subject to which the policy relates (i.e. excessive force) is insufficient." *Id.* at 637.

In *Mendy v. City of Fremont*, the district court dismissed plaintiffs' *Monell* claims as too conclusory and lacking in factual content to state a claim. No. C-13-4180 MMC, 2014 WL 574599, (N.D. Cal. Feb. 12, 2014). In *Mendy*, plaintiffs alleged an "informal custom or policy that tolerates and promotes the continued use of excessive force and cruel and unusual punishment against and violation of civil rights of citizens by City police officers in the manner alleged [elsewhere in the FAC]." *Id.* at *3 (alterations in original). The court held the "allegation lacks any specifics and is substantially similar to the conclusory allegation found inadequate in *A.E.*, [and is therefore] insufficient to state a municipal liability claim." *Id.*

The *Monell* claims in *Mendy* are substantially similar to Plaintiff's *Monell* claims in the case at bar. Here, Plaintiff alleges "Defendants COUNTY OF LOS ANGELES, with deliberate indifference, and conscious and reckless disregard to

14

the safety, security and constitutional and statutory rights of Decedent, engaged in the unconstitutional conduct and omissions as is specifically elaborated hereinabove." [Dkt. 1, Complaint ¶ 36]. Plaintiff also alleges that Defendant maintained and enforced deliberately indifferent policies, customs, and practices. [Dkt. 1, Complaint ¶ 37]. Like in *Mendy*, Plaintiff's Complaint lacks any factual specifics about the actual content of the alleged unconstitutional policies, customs, or practices.

Even if Plaintiff could establish facts sufficient to show deliberate indifference to Decedent's serious need for medical care, proof of a single incident is insufficient to support a claim for unconstitutional customs or practices against the County. In *City of Okla. City v. Tuttle*, the plurality found that a single incident of unconstitutional activity "is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy," which must be "separately proved." 471 U.S. 808, 823-24 (1985); *see also Meehan v. Cnty. of L.A.*, 856 F.2d 102 (9th Cir. 1988) (quoting the same) and *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). If the policy in question is "not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Id.* In the absence of any factual allegations regarding Defendant's current policies, customs, and practices, the allegations in the Complaint are merely conclusory and fail to state a plausible *Monell* claim.

## 2. *Plaintiff Has Failed to State a Claim for Ratification*

Plaintiff alleges that the County ratified unconstitutional acts of its' employees, [Dkt. 1, Complaint ¶ 39]. In a Section 1983 claim alleging ratification, Plaintiff has the burden of showing that the "authorized policymakers approve a subordinate's

15

decision and the basis for it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). The claim requires "more than acquiescence" and the "mere failure to discipline does not amount to ratification." *Jack v. Cnty. of Stanislaus*, No. 17-cv-520-AWI, 2017 WL 4123930, at *7 (E.D. Cal. Sept. 15, 2017). Nothing in the Complaint establishes that any policymaker at the County knew about the situation involving Decedent's suicide or specifically approved of the decision and the basis for it at any time relevant to this litigation. Nor are there any allegations that any County policymaker found the employees conduct to be within policy. Without such allegations, Plaintiff has failed to state a claim for ratification.

### 3. *Plaintiff Has Failed to State a Claim for Failure to Train*

Plaintiff alleges a custom, practice, and policy of "failing to train, supervise or discipline in areas where the need for such training and supervision was obvious." [Dkt. 1, Complaint ¶ 39]. Alleged lack of training may rise to the level of an "official government act" for the purpose of *Monell* liability in limited circumstances. *Connick*, 563 U.S. at 60-61. However, "a municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* at 62.

To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.*, at 389. Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1987).

16

Liability for failure to train may be based upon a pattern of similar constitutional violations by untrained employees. *Connick*, 563 U.S. at 63.

Plaintiff fails to provide any facts regarding actual training County's employees received in relation to her claims.  Nor does she explain why the alleged training was inadequate. Plaintiff leaps to the conclusion of deliberate indifference without first explaining how the County's alleged failure to train was likely to result in a constitutional violation.  Plaintiff fails to allege any details about any other instances of inmates committing suicide due to the supposed lack of training, supervision, or discipline of County employees. Instead, Plaintiff again relies on conjecture and conclusions without any factual detail to support her allegations. Accordingly, Plaintiff has failed to state a claim for failure to train.

### 4.  Plaintiff Has Failed to Sufficiently Demonstrate Causation

To state a *Monell* claim, Plaintiff must allege facts that plausibly show that the County's policies were the cause-in-fact and proximate cause of their injuries. *Dougherty*, 654 F.3d at 900. It is insufficient for Plaintiff to merely allege that "Defendant [County's] policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case." *Id.*  Rather, Plaintiff must allege facts sufficient to show how the custom or practice caused the constitutional deprivation. *Id.*

In finding a complaint insufficient to survive a Rule 12(b)(6) motion to dismiss, the *Dougherty* court explained: "The Complaint lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that his constitutional deprivation was the result of a custom or practice of the City of Covina or that the custom or practice was the 'moving force' behind his constitutional deprivation."  Absent such allegations, the Court

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

concluded that the plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face. [citation]." *Id.* at p. 901.

Here, Plaintiff fails to allege facts sufficient to suggest the County's policies caused her or Decedent's injuries. Plaintiff's Complaint merely makes the following conclusory recitations: "the actions of the LASD including it custody staff, the Medical Services Bureau, and the Department of Mental Health set forth herein were a motivating force behind the violations of Plaintiffs and Decedent's constitutional rights as set forth in this complaint" [Dkt. 1, Complaint ¶ 40], that "as direct and proximate result of Defendant COUNTY OF LOS ANGELES' policies, practices, and customs, Plaintiff sustained injury and damage" [Dkt. 1, Complaint ¶ 41], and that "as a result of Defendants', and each of their, violations of Plaintiff and Decedent's constitutional rights as set forth herein, Plaintiff was damaged as alleged above." [Dkt. 1, Complaint ¶ 42]. Plaintiff fatally fails to provide any facts demonstrating *what* actions of the County departments and employees directly or proximately led Decedent to commit suicide. She further fails to allege facts or provide details regarding her own injuries. Instead, Plaintiff recites the same sort of conclusory language, lacking in factual content that the *Dougherty* Court rejected as insufficient to survive a Rule 12(b)(6) motion. *See Dougherty*, 654 F.3d at 900–901. Accordingly, and for all the aforementioned reasons, Plaintiff's claims are insufficient to state a *Monell* claim and must be dismissed.

### C. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO MAINTAIN A CLAIM FOR VIOLATIONS OF THE AMERICAS WITH DISABILITIES ACT, REHABILITATION ACT, AND THE UNRUH CIVIL RIGHTS ACT

The sixth cause of action is brought against Defendant County of Los Angeles under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA") and the Unruh Civil Rights Act ("Unruh").

18

### 1. *ADA and RA Liability*

Title II of the ADA, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, section 504 of the RA, provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794(a). "[T]here is no significant difference in the analysis of rights and obligations created by the two Acts." *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002). "Both the ADA and the RA apply in the context of correctional facilities and prohibit disabled inmates from being excluded from participation in inmate services, programs, or activities, including medical programs." *Atayde v. Napa State Hospital*, 255 F. Supp. 3d 978, 1000 (2017) (citations omitted).

There are two ways Plaintiff can allege disability discrimination in the provision of inmate services, programs, or activities under the ADA or RA: (1) discrimination based on disparate treatment or impact; or (2) denial of reasonable modifications or accommodations. *Id.* To plead disparate treatment, Plaintiff must allege that other non-disabled individuals without the Decedent's disability were treated more favorably, and to plead disparate impact, Plaintiff must allege that a facially neutral policy has a significantly adverse or disproportionate impact on disabled persons. *Id.* at 1001 (citations omitted). To plead a failure to accommodate, Plaintiff must allege that a public entity knew of Decedent's disability but failed to provide reasonable accommodations. *Id.* (citation omitted). "A correctional facility's 'deliberate refusal' to accommodate plaintiff's disability-related needs violates the ADA and the RA." *Id.* (citing *United States v. Georgia*, 546 U.S. 151, 157 (2006); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1214 (9th Cir.

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

2008)). However, the negligent or inadequate provision of medical treatment alone does not constitute an unlawful failure to accommodate under the ADA or RA. *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (holding that the ADA and Rehabilitation Act "prohibit[] discrimination because of disability, not inadequate treatment for disability").

In the instant matter, Plaintiff's claim for denial of access to services and programs is simply a claim for denial of medical care. Plaintiff contends that Decedent was denied medical treatment, follow-up, and supervision. The gist of Plaintiff's complaint is that the County's policies, customs, or practices regarding the provision of medical care are inadequate—including failure to train employees on identifying mental health issues, supervise inmates, and provide inmates with psychiatric medications upon intake into the jails. These allegations do not suggest that Decedent was precluded from access to treatment because of his disability. Rather, the allegations demonstrate inadequate identification of the need for treatment. As noted by the Ninth Circuit, "[t]he ADA [and RA] prohibit[] discrimination because of disability, not inadequate treatment for disability." *Simmons*, 609 F.3d at 1022.

### 2. The Unruh Act

The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." *Cal. Civ.Code § 51(b)*. The Unruh Act "firmly established the right of all persons to nondiscriminatory treatment by establishments that engage in business transactions with the public." *Warfield v. Peninsula Golf & Country Club*, 10 Cal.4th 594, 6189 (1995). The purpose of the Unruh Acts "is to compel recognition of the equality of all persons in the right to the particular service offered by an organization or entity

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS

covered by the act." *Curran v. Mount Diablo Council of the Boy Scouts*, 147 Cal.App.3d 712, 733 (1983).

Defendant contends that a county jail is not a "business establishment" subject to the Unruh Act. *Taormina v. Cal. Dept. of Corr.*, 946 F. Supp. 829, 834 (S.D. Cal. 1996). Citing the California Supreme Court's decision in *O'Connor v. Village Green Owners Ass'n*, 33 Cal.3d 790, 795 (1983), the *Taormina* court reasoned that in the context of the Unruh Act, the term "business" generally pertains to matters "synonymous with calling, occupation or trade, engaged in for the purpose of making a livelihood or gain." *Id.* A prison, the district court reasoned, "does not qualify as a 'business' because prisoners are not engaged in a calling, occupation or trade for purposes of making a livelihood or gain." *Id.* Rather, prisoners are in prison, not by choice, but "because of crimes which they have committed." *Id.* The Court should apply the same rationale in evaluating whether Los Angeles County jails are subject to the purview of the Unruh Act as business establishments because pretrial detainees held in the custody of jails, like prisoners, are not engaged in a calling, occupation, or trade for purposes of making a livelihood.

No amendment to the Complaint can cure this deficiency. As such, Defendant requests that the Court dismiss Plaintiff's claim for violation of the Unruh Act without leave to amend.

## IV. CONCLUSION

Based upon the foregoing, Defendant County of Los Angeles respectfully requests that the Court dismiss Plaintiff's Complaint without leave to amend.

DATED:      May 13, 2020                    **IVIE McNEILL WYATT**
                                            **PURCELL & DIGGS**

                                    By:  **/s/ *Tiffany Rollins*                    **
                                            **W. KEITH WYATT**
                                            **TIFFANY ROLLINS**
                                            **Attorneys for Defendant**
                                            **COUNTY OF LOS ANGELES**

21