# EXHIBIT A



Chris Munoz <cmchris2525@gmail.com>

## FW: DANA BARNETT v. COLA, et. al.
1 message

**Christina Munoz** <CMunoz@imwlaw.com>   Tue, May 12, 2020 at 2:03 PM
To: "cmchris2525@gmail.com" <cmchris2525@gmail.com>

**From:** Christina Munoz
**Sent:** Tuesday, May 05, 2020 12:30 PM
**To:** 'firm@cdrbh.com'; 'Mark@waeckerlaw.com'
**Cc:** Keith Wyatt; Tiffany Rollins; Rickey Ivie; Carolyn Charlton
**Subject:** DANA BARNETT v. COLA, et. al.

To All:

    Attached is correspondence regarding the above-referenced matter.  Please contact Attorney W. Keith Wyatt or Attorney Tiffany Rollins if you have any questions.



**M. Christina Munoz | Secretary**

444 S. Flower Street, 18th Floor

Los Angeles, CA  90071

Phone: (213) 489-0028| Fax: (213) 489-0552

cmunoz@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**



[Type text]

**Tiffany Rollins, Esq.**
Email: trollins@imwlaw.com

May 5, 2020

**VIA EMAIL**

Shane V. Hapuarachy
CHEONG, DENOVE, ROWELL, BENNETT & HAPUARACHY
1925 Century ParkEast, Suite 800
Los Angeles California 90067
firm@cdrbh.com

Mark Waecker
LAW OFFICES OF M~RK WRECKER
633 West Fifth Street, 28 Flaor
Los Angeles CA 9Q071
Mark@waeckerlaw.com

Re:   *Dana Tompkins Barnett v. County of Los Angeles, et al*

Dear Counsel:

This is an attempt to meet and confer pursuant to LR 7-3 in connection with an anticipated motion by my client County of Los Angeles to dismiss the Complaint for Damages ("Complaint") in the above-referenced case under Rule 12(b)(6). For the reasons set forth below, your Complaint fails to state a claim against the County of Los Angeles. After you have had an opportunity to review this letter, please contact the undersigned so we can discuss this matter further. We intend to file our client's responsive pleading on May 14, 2020. We request that you contact us on or before May 11, 2020.

## I.    RULE 8 PLEADING REQUIREMENTS

Under Fed. R. Civ. P. 8(a) a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The pleading standard set forth in *Iqbal* applies to 42 U.S.C. § 1983 claims.  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). While the pleading standard of Rule 8 does not require "detailed factual allegations," it demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."  *Iqbal, supra,* 556 U.S. at 677-678.  A plaintiff's obligation to provide the grounds for his "entitlement to relief" requires more than labels and conclusions. *Twombly*, *supra,* 550 U.S. at 555; see also *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (finding that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (holding that "conclusory allegations of law... are insufficient to defeat a motion to dismiss").

Re:  Dana Thompkins Barnett v. COLA, et. al.
May 5, 2020
Page 2

In assessing whether a complaint states a claim, the court will begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal* at 679. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements" fails to state a claim.  *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (internal quotation marks omitted). After reviewing a complaint's factual allegations, the court must address whether the well-pleaded facts, and reasonable inferences therefrom, give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II.   CALIFORNIA CODE OF CIVIL PROCEDURE §§ 377.32 (a)(6) AND 377.32(c)

California law requires a plaintiff who commences a survival action as a decedent's successor in interest to "execute and file an affidavit or declaration under penalty of perjury, stating: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent." *Dillard v. Curtis*, 2004 U.S. Dist. LEXIS 22926, 2004 WL 2496130, *7 (N.D. CA Nov. 3 2004) (discussing *Cal. Code of Civ. Pro.* § 377.32(a), (b)). In addition, a certified copy of the death certificate must be attached, and, "if the decedent's estate was administered, a copy of the final order showing distribution of the decedent's cause of action to the successor in interest" must also be attached. *Cal. Code of Civ. Pro.* § 377.32(a)(4)."

Although *Civil Procedure Code* 377.32 is a rule of California (not federal) procedure, it sets a minimum threshold below which a person claiming to be a successor in interest should not be permitted to slip...." *Dillard*, 2004 U.S. Dist. LEXIS 22926, 2004 WL 2496130 at *7; see also *Garcia v. Adams*, 2006 U.S. Dist. LEXIS 8684, 2006 WL 403838, *11 (E.D. CA Feb. 17, 2006). The party seeking to bring a survival action bears the burden of demonstrating that a state's law authorizes a survival action and that the plaintiff meets the statute's requirements for bringing a survival action. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998); *See also Soliz v. City of Bakersfield*, No. 1:12-CV-00841-LJO-JLT, 2012 U.S. Dist. LEXIS 118354, at *12-13 (E.D. CA Aug. 20, 2012).

Plaintiff purports to bring a survivorship action but fails to comply with  *Cal. Code of Civ. Proc.* § 377.32 (a)(6) and § 377.32(c);  *See also  Johnson v. Cal. Dep't of Corr. & Rehab.,* 2009 U.S. Dist. LEXIS 69257, at * 17 (E.D. CA Aug. 6, 2009). These two flaws are fatal to her survivorship claim and warrant its dismissal.

Re:  Dana Thompkins Barnett v. COLA, et. al.
May 5, 2020
Page 3

### III. *MONELL* LIABILITY

#### 1. *Plaintiff's Claims Do Not State Sufficient Facts to Support a Monell Claim*

Plaintiff's second cause of action is brought against the County of Los Angeles, which is a local government entity.  Since this claim is brought against a municipality, in order to prevail Plaintiff must demonstrate not only a constitutional violation of deliberate indifference to a serious medical need, but *also* that the violation was pursuant to an unconstitutional policy, custom, or practice set in place by the municipality.  See generally *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  There is no vicarious liability for constitutional violations.  Section 1983 provides for the imposition of liability on any *person* who, acting under color of state law, deprives another of the rights, privileges, or immunities secured by the Constitution or the laws of the United States.  *See* 42 U.S.C. § 1983.  It does not create substantive rights, but rather provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  A municipality may be liable under 42 U.S.C. § 1983 "only when the municipality inflicts an injury[.]"  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694.   "While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013), cert. denied, 134 S.Ct. 1292 (2014); *see Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) ("[A municipality] cannot be held liable . . . on a respondeat superior theory.") (internal quotation marks omitted).

There is no basis for a *Monell* claim if a plaintiff is unable to demonstrate a violation of his constitutional rights.  *See Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1231 (9th Cir. 2013) ("Because we agree that there was no violation of Appellant's rights . . . we affirm summary judgment to the County as to any *Monell* claim made on this basis."); *Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007) ("Since no violation of any constitutional right occurred, we need not reach the claim against the County under Monell. . . ."); *Erdman v. Cochise Cty.*, 926 F.2d 877, 882 (9th Cir.1991) (holding that, before a plaintiff has a "right to proceed to trial on his municipal liability claim, the court must first determine that a constitutional violation has occurred").

The allegations in Plaintiff's Complaint are conclusory and fail to allege facts showing a plausible *Monell* claim. Specifically, Plaintiff alleges that "Defendants COUNTY OF LOS ANGELES, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Decedent, engaged in the unconstitutional conduct and omissions as is specifically elaborated hereinabove."  Complaint ¶ 36. Plaintiff also alleges that Defendants maintained and enforced deliberately indifferent policies, customs, and practices. Complaint ¶ 37. Plaintiff's Complaint lacks any factual specifics about the actual content of the alleged unconstitutional policies, customs, or practices. Consequently, a motion to dismiss the *Monell* claim will likely be granted.

#### 2. *Acting Pursuant to Custom, Policy, or Practice*

Plaintiff fails to allege facts sufficient to show their constitutional injury was caused by Defendants acting pursuant to a County custom, policy, or practice. To state a *Monell* claim, Plaintiffs must allege facts that

Re:  Dana Thompkins Barnett v. COLA, et. al.
May 5, 2020
Page 4

plausibly show that the county's policies were the cause-in-fact and proximate cause of their injuries. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). It is insufficient for Plaintiff to merely allege that "Defendant [County's] policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case." *Id.*  Rather, Plaintiffs must allege facts sufficient to show *how* the custom or practice caused the constitutional deprivation.

In this case, Plaintiff fails to plead facts sufficient to suggest the County's policies caused her injuries. Plaintiff alleges that "the actions of the LASD including it custody staff, the Medical Services Bureau, and the Department of Mental Health set forth herein were a motivating force behind the violations of Plaintiffs and Decedent's constitutional rights as set forth in this complaint"  Complaint ¶ 40, that "as direct and proximate result of Defendant COUNTY OF LOS ANGELES' policies, practices, and customs, Plaintiff sustained injury and damage" Complaint ¶ 41, and that "as a result of Defendants', and each of their, violations of Plaintiff and Decedent's constitutional rights as set forth herein, Plaintiff was damaged as alleged above." Complaint ¶ 42. This is the same conclusory language, lacking in factual content that the *Dougherty* Court rejected as insufficient to survive a Rule 12(b)(6) motion. *See Dougherty*, 654 F.3d at 900–901.

### 3.  *Long Standing Custom, Policy, or Practice*

Plaintiff's *Monell* claim for deliberate indifference is based on the allegation that Decedent Jeffrey Barnet committed suicide while detained at the Los Angeles County Jail Inmate Reception Center ("IRC") because he was not given a mental health evaluation, psychiatric medication, and was left alone in a jail cell by jail staff immediately upon being booked into the IRC. While the facts do not support this inference, even if Defendants could have offered better medical care to the Decedent, "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), cert. denied, 520 U.S. 1117 (1997); *see Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) ("The isolated incidents of [] wrongdoing by one deputy other than Deputy Doe 1 do not suffice to put the County or [the sheriff] on notice that a course of training is deficient in a particular respect[.]") (internal quotation marks omitted); *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012)

In *City of Okla. City v. Tuttle,* the plurality found that a single incident of unconstitutional activity "is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy," which must be "separately proved." 471 U.S. 808, 823-24 (1985); *see also Meehan v. Cnty. of L.A.*, 856 F.2d 102 (9th Cir. 1988) (quoting the same) and *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  If the policy in question is "not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Id.* Plaintiff cannot use evidence of other peoples' constitutional rights being violated to establish a *Monell* claim.  *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996). In *Quintanilla*, "Plaintiff was not entitled to… demonstrate the existence of a

policy using evidence of attacks more severe than his own.  Under *Heller* and general principles of §1983 liability, an individual may recover only when that individual's federal rights have been violated."

In the absence of any factual allegations regarding Defendants' current policies, training regimens, etc., the Complaint fails to state a plausible *Monell* claim.

### IV.    THE AMERICAS WITH DISABILITIES ACT, REHABILITATION ACT, AND THE UNRUH CIVIL RIGHTS ACT

#### 1.   THE ADA AND RA

There are two ways a plaintiff can allege disability discrimination in the provision of inmate services, programs, or activities under the ADA or RA: (1) discrimination based on disparate treatment or impact; or (2) denial of reasonable modifications or accommodations. *Atayde v. Napa State Hospital*, 255 F. Supp. 3d 978, 1000 (2017) (citations omitted). To plead disparate treatment, a plaintiff must allege that other non-disabled individuals without the plaintiff's disability were treated more favorably, and to plead disparate impact, a plaintiff must allege that a facially  neutral policy has a significantly adverse or disproportionate impact on disabled persons. *Id.* at 1001 (citations omitted). To plead a failure to accommodate, a plaintiff must allege that a public entity knew of plaintiff's disability but failed to provide reasonable accommodations. *Id*. (citation omitted). "A correctional facility's 'deliberate refusal' to accommodate plaintiff's disability-related needs violates the ADA and the RA." *Id.* (citing *United States v. Georgia*, 546 U.S. 151, 157 (2006); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1214 (9th Cir. 2008)). However, the negligent or inadequate provision of medical treatment alone does not constitute an unlawful failure to accommodate under the ADA or RA. *See Simmons v. Navajo Cnty*., 609 F.3d 1011, 1022 (9th Cir. 2010) (holding that the ADA and Rehabilitation Act "prohibit[] discrimination because of disability, not inadequate treatment for disability").

Plaintiff's claim for denial of access to services and programs is simply a claim for denial of medical care. Plaintiff contends that Decedent was denied medical treatment, follow-up, and supervision. The gist of Plaintiffs' complaint is that the County's policies, customs, or practices regarding the provision of medical care are inadequate—including failure to train employees on identifying mental health issues, supervise inmates, and provide inmates with psychiatric medications upon intake into the jails. These allegations do not suggest that Decedent was precluded from access to treatment because of his disability. Rather, the allegations demonstrate inadequate identification of the need for treatment. As noted by the Ninth Circuit, "[t]he ADA [and RA] prohibit[] discrimination because of disability, not inadequate treatment for disability." *Simmons*, 609 F.3d at 1022.

#### 2.   The Unruh Act

The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability  . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." *Cal. Civ.Code § 51(b)*. The Unruh Act "firmly established the right of all persons to nondiscriminatory treatment by

Re:  Dana Thompkins Barnett v. COLA, et. al.
May 5, 2020
Page 6

establishments that engage in business transactions with the public." *Warfield v. Peninsula Golf & Country Club*, 10 Cal.4th 594, 6189 (1995).

A county jail is not a "business establishment" subject to the Unruh Act. *Taormina v. Cal. Dept. of Corr.*, 946 F. Supp. 829, 834 (S.D. Cal. 1996). Citing the California Supreme Court's decision in *O'Connor v. Village Green Owners Ass'n*, 33 Cal.3d 790, 795 (1983), the Taormina court reasoned that in the context of the Unruh Act, the term "business" generally pertains to matters "synonymous with calling, occupation or trade, engaged in for the purpose of making a livelihood or gain." *Id.* A prison, the district court reasoned, "does not qualify as a 'business' because prisoners are not engaged in a calling, occupation or trade for purposes of making a livelihood or gain." *Id.* Rather, prisoners are in prison, not by choice, but "because of crimes which they have committed." *Id.* The Court should apply the same rationale in evaluating whether Los Angeles County jails are subject to the purview of the Unruh Act as business establishments because prisoners, like pretrial detainees held in the custody of jails are not engaged in a calling, occupation, or trade for purposes of making a livelihood. No amendment to the Complaint can cure this deficiency. As such, the Court will likely dismiss this claim.

Sincerely,

**IVIE MCNEILL WYATT PURCELL & DIGGS**

*/s/ Tiffany Rollins*

**TIFFANY ROLLINS**