W. KEITH WYATT, ESQ. (#80859)
IVIE McNEILL WYATT PURCELL & DIGGS
A Professional Law Corporation
444 S. Flower St., Ste 1800
Los Angeles, CA 90071
(213) 489-0028 Fax (213) 489-0552

Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
200 N. Westlake Blvd., Ste 204
Westlake Village, CA 91362
(818) 400-4812

Attorneys for Defendants,
COUNTY OF LOS ANGELES &
ALEX VILLANUEVA, SHERIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA TOMPKINS BARNETT,<br><br>           Plaintiffs,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, ALEX VILLANUEVA; and DOES 1 through 10, inclusive<br><br>           Defendants. | Case No.: . 2:20-CV-02530-ODW-AS)<br><br>(~~PROPOSED~~) ORDER RE STIPULATED PROTECTIVE ORDER RE VIDEO PRODUCED |

Pursuant to the Stipulation of the parties and based on good cause appearing, the Court hereby grants the Stipulated Protective Order as follows:

TERMS OF THE PROTECTIVE ORDER:

1. Plaintiffs' counsel will have sole custody and control over the video content released to plaintiff's counsel by defense counsel.

2. The video content released pursuant to these terms, is deemed confidential, and shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation, and may not be disclosed or disseminated to other persons, including any other counsel other than as set forth herein;

3. Plaintiffs' counsel alone will have custody, control and access to the video content and will be prohibited from releasing or disseminating the video to other persons including legal counsel other than set forth in paragraph 10 herein;

4. Plaintiff's counsel may make copies of the video content, but plaintiff's counsel will be prohibited from releasing or disseminating such copies or the information contained within such copies other than as set forth herein;

5. The video content released from the defense may be submitted in all law and motion proceedings if done so pursuant to Local Rule 79-5.2.2(b) which states in part:

> (b) Documents Designated by Another as Confidential Pursuant to a Protective Order. At least 3 days before seeking to file

*under seal a document containing information previously designated as confidential by another pursuant to a protective order, the Filing Party must confer with the person that designated the material confidential (the "Designating Party") in an attempt to eliminate or minimize the need for filing under seal by means of redaction. If the document cannot be suitably redacted by agreement, the Filing Party may file an Application pursuant to subsection (a), but the supporting declaration must identify the material previously designated as confidential, as well as the Designating Party, and must describe in detail the efforts made to resolve the issue. The declaration must be served on the Designating Party on the same day it is filed, and proof of this service must be filed with the declaration. Subsequently: (i) Within 4 days of the filing of the Application, the Designating Party must file a declaration establishing that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA 12/1/2021 Chapter I - 95 standard. If the Designating Party maintains that only part of the designated material is sealable, the Designating Party must file with its declaration a copy of the relevant material with proposed redactions highlighted. The declaration and, if applicable, the document highlighting proposed redactions will be closed to public inspection. Failure to file a declaration or other required document may be deemed sufficient grounds for denying the Application. (ii) If the Application is denied, the Filing Party may file the document in the public case file (i.e., unsealed) no earlier than 4 days, and no later than 10 days, after the Application is denied, unless the Court orders otherwise.*

6. All disputes regarding this Protective Order shall be handled pursuant to Local Rule 37.

7. The video content may be disclosed to the following persons:

    (a)    counsel for any party to this action;

    (b)    paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

    (c)    court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

    (d)    any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

    (e)    any "in-house" or outside experts designated by the parties to testify at trial in this matter; and

    (g)    any party or witnesses to this action.

8.    Any video content so disclosed will explicitly require inclusion of a copy of this Stipulation and Protective Order and written instructions from counsel direction compliance with same.

DATED: September 21, 2022        _____/s/_____
                                                      ALKA SAGAR
                                                      UNITED STATES MAGISTRATE JUDGE